Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HOSPITAL DAMAS, INC.<br><br>RECURRIDA<br><br>v.<br><br>DEPARTAMENTO DE SALUD DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>MULTY MEDICAL FACILITIES CORP.<br><br>RECURRENTE | KLRA202400583 | *Revisión Judicial* procedente de la División de Vistas Administrativas de la Secretaría Auxiliar para la Regulación de la Salud Pública<br><br>Querella Núm. Q-24-07-012<br><br>Sobre: Querella contra la Resolución del Secretario de Salud emitida en la Propuesta Núm. 23-08-027, para establecer una facilidad de Cuidado Diestro en Enfermería (Skilled Nursing Facility, SNF) con 60 camas, en la Sub-Región de Ponce en: Multy-Medical Facilities Corp. – Ponce 921 Ave. Tito Castro, Ponce, Puerto Rico |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2024.

### I.

El 18 de octubre de 2024, Multy-Medical Facilities Corp. (Multy Medical o parte recurrente) presentó un recurso de *Revisión Judicial* en el que solicitó que revoquemos una *Orden* emitida y notificada por la Secretaría Auxiliar para la Regulación de la Salud Pública (SARSP o foro recurrido) el 18 de septiembre de 2024 dentro del procedimiento adjudicativo de una *Querella* promovida por

Hospital Damas, Inc. (Hospital Damas o parte recurrida) para impugnar la concesión de un *Certificado de Necesidad y Conveniencia* (CNC) por el Departamento de Salud.[1] En el dictamen, la SARSP declaró No Ha Lugar una solicitud de desestimación de Multy Medical basada en que el foro recurrido carecía de jurisdicción sobre la materia.

Junto al recurso, la parte recurrente radicó una *Urgente moción en auxilio de jurisdicción y de paralización* en la que nos solicitó que ordenáramos la paralización de los procedimientos ante la SARSP.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de las demás partes.

En adelante, pormenorizamos los hechos procesales relevantes a la atención del recurso de epígrafe.

**II.**

El caso de marras tiene su génesis el 17 de julio de 2024 cuando Hospital Damas presentó una *Querella* ante la División de Vistas Administrativas de la SARSP para impugnar un CNC emitido por dicha agencia a favor de Multy Medical para establecer un centro de enfermería especializada.[2]

En una moción con fecha del 5 de agosto de 2024, titulada *Moción asumiendo representación legal y solicitud de desestimación por falta de jurisdicción*, Multy Medical le solicitó a la SARSP que desestimara la *Querella* porque Hospital Damas no incluyó una resolución corporativa en la que designara a un representante

---

[1] Apéndice de la *Revisión Judicial*, Anejo I, págs. 001-004.
[2] Íd., Anejo III, págs. 031-227.

autorizado para promover la queja, incumpliendo con la Regla 2 del *Reglamento de Procedimiento Adjudicativos y de Reglamentación en el Departamento de Salud*, Reglamento Núm. 9321 de 29 de octubre de 2021, Departamento de Salud (Reglamento Núm. 9321).[3]

En una moción con fecha del 12 de agosto de 2024, titulada *Moción en oposición a solicitud de desestimación*, Hospital Damas reconoció que, por error involuntario, no incluyó la referida resolución corporativa.[4] Según argumentó, la omisión debía interpretarse como un primer incumplimiento y un defecto procesal que podía ser corregido sin menoscabar los derechos de la parte recurrente. Con la intención de cumplir, solicitó al foro recurrido que acogiera una *Resolución Corporativa* con fecha del 21 de noviembre de 2023, la cual presentó junto a la moción.

En una moción con fecha del 16 de agosto de 2024, titulada *Réplica a moción en oposición a solicitud de desestimación y solicitud de reconsideración de orden*, Multy Medical reiteró que el incumplimiento de la obligación de someter la referida resolución corporativa debía tener un efecto fatal sobre la *Querella*.[5]

El 18 de septiembre de 2024, luego de realizarse una vista argumentativa sobre la moción de desestimación, la SARSP emitió la *Orden* recurrida en la que declaró No Ha Lugar la solicitud de Multy Medical.[6]

En ella, el foro recurrido resolvió que la omisión de la resolución corporativa requerida por el inciso 3(a) de la Regla 2 del Reglamento Núm. 9321, *supra*, R. 2, era subsanable. Para llegar a esa determinación, se fundamentó en que nuestro Tribunal Supremo ha resuelto que, en ocasiones, "deberá" puede interpretarse como "podrá", convirtiéndose así en un término

---

[3] Íd., Anejo IV, págs. 228-233.
[4] Íd., Anejo V, págs. 234-240.
[5] Íd., Anejo VI, págs. 241-247.
[6] Íd., Anejo I, págs. 001-004.

directivo. Asimismo, esbozó que el Reglamento Núm. 9321, *supra,* permite la aplicación de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, por el funcionario que preside la vista si lo estima necesario para llevar a cabo los fines de la justicia. Por ello, interpretó que, bajo las Reglas de Procedimiento Civil, *supra,* esta situación no conllevaría la desestimación de la acción y, por consiguiente, comparando los requisitos de contenido del Reglamento Núm. 9321, *supra,* tampoco debería ameritarlo en este caso. Por último, consignó que "[c]onvertir en fatal un requisito de carácter directivo, no facilita en lo absoluto el acceso al foro".[7]

En consecuencia, le concedió a Hospital Damas un término de diez (10) días para presentar la resolución corporativa correspondiente.

En una *Contestación a querella*, fechada el 23 de septiembre de 2024, Multy Medical respondió a las alegaciones de la *Querella*.[8]

Por su parte, en una moción con fecha del 25 de septiembre de 2024, titulada *Moción en cumplimiento de orden para la presentación de resolución corporativa*, Hospital Damas presentó una *Resolución Corporativa* del 19 de septiembre de 2024 en aras de cumplir con lo requerido por la SARSP.[9]

En desacuerdo, Multy Medical presentó el recurso de epígrafe y le imputó a la SARSP la comisión de los siguientes errores:

> **PRIMER ERROR:**
> ERRÓ SARSP PORQUE ACTUÓ *ULTRA VIRES* AL NO APLICAR ESTRICTAMENTE COMO MANDATORIO E INSUBSANABLE EL REQUISITO DEL INCISO 3(a) DE LA REGLA 2 DEL REGLAMENTO 9321, QUE OBLIGA A UNA CORPORACIÓN QUERELLANTE A ACOMPAÑAR LA QUERELLA CON UNA RESOLUCIÓN CORPORATIVA DESIGNANDO A UN REPRESENTANTE AUTORIZADO DE LA CORPORACIÓN A PERSEGUIR EL TRÁMITE, AUN CUANDO EL INCISO 5 DE LA MISMA REGLA ESTABLECE QUE SU INCUMPLIMIENTO TIENE COMO EFECTO FATAL QUE LA QUERELLA NO QUEDARÁ RADICADA, PRIVANDO A LA AGENCIA DE JURISDICCIÓN.

---

[7] Íd., pág. 002.
[8] Íd., Anejo VII, págs. 248-257.
[9] Íd., Anejo VIII, págs. 258-260.

**SEGUNDO ERROR:**
EN LA ALTERNATIVA, DE QUE ESTE HONORABLE TRIBUNAL DETERMINAR QUE EL TÉRMINO DE 30 DÍAS PARA RADICAR LA QUERELLA Y LA OBLIGACIÓN REQUERIDA POR EL INCISO 3 SON DE CUMPLIMIENTO ESTRICTO, ERRÓ SARSP AL ABUSAR DE DISCRECIÓN POR EXTENDER ESE TÉRMINO Y PERMITIR LA SUBSANACIÓN DE LA OBLIGACIÓN QUE EXIGE EL INCISO 3 AUN CUANDO HOSPITAL DAMAS NO DEMOSTRÓ JUSTA CAUSA.

**TERCER ERROR:**
ERRÓ SAR[SP] AL RESOLVER LA MOCIÓN DE DESESTIMACIÓN QUE PRESENTÓ MULTY MEDICAL BAJO EL INCISO 2 DE LA REGLA 28 DEL REGLAMENTO 9321 EN LUGAR DEL INCISO 1 TODA VEZ QUE LA SOLICITUD ESTÁ BASADA EN QUE LA AGENCIA NO TIENE JURISDICCIÓN SOBRE LA MATERIA AL NUNCA HABERSE RADICADO LA QUERELLA Y NO SE TRATA DE UN PRIMER INCUMPLIMIENTO DE UNA OMISIÓN SUBSANABLE.

En lo subsiguiente, pormenorizamos el derecho aplicable a la atención de este recurso.

### III.

### A.

La *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* Ley Núm. 201 de 2003, según enmendada, 4 LPRA sec. 24 *et seq.*, delimita la facultad revisora del Tribunal de Apelaciones. A esos fines, establece que este Tribunal podrá revisar las <u>órdenes y resoluciones finales</u> de las agencias y los organismos administrativos. 4 LPRA sec. 24y. Véase, además, ***ORIL v. El Farmer, Inc.***, 204 DPR 229, 238 (2020). Asimismo, la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, R. 56, restringe nuestra jurisdicción revisora a **determinaciones administrativas finales**.

A su vez, la Sección 4.1 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA sec. 9671, (LPAU) limita la facultad de este Tribunal, permitiéndole atender solicitudes de revisión de órdenes o resoluciones finales de una agencia administrativa, luego de que se hayan agotado los remedios administrativos correspondientes.

En ese sentido, la normativa jurídica es clara en cuanto a que, para solicitar la revisión judicial de una resolución u orden administrativa ante este Tribunal, la parte interesada debe recurrir de una resolución u orden final. Igualmente, la Sección 4.2 de la LPAU, *supra* sec. 9672, expresamente excluye de nuestra jurisdicción revisora los dictámenes interlocutorios al pautar: "[u]na orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente".

Para identificar la finalidad de un dictamen administrativo, la Sección 3.14 de la LPAU, *supra* sec. 9654, define que las órdenes o resoluciones finales deberán "incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso". Análogamente, el Tribunal Supremo resolvió en **Comisionado Seguros v. Universal**, 167 DPR 21, 29 (2006) que "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, porque resuelve finalmente la cuestión litigiosa y permite su apelación o solicitarse su revisión".

En el caso **ORIL v. El Farmer, Inc.,** supra, el Tribunal Supremo reiteró que, tal y como dispone la Sección 4.2 de la LPAU, *supra*, el Tribunal de Apelaciones solo podrá revisar órdenes y resoluciones finales de una agencia administrativa. A esos efectos, expresó que, aunque esa disposición sobre la finalidad de los dictámenes es distinta a la doctrina de agotamiento de remedios administrativos, ambas tienen un alcance análogo y, generalmente, gozan de las mismas excepciones. Íd., pág. 239. Señaló que ambas disposiciones permiten que los tribunales discrecionalmente se abstengan de revisar actuaciones de una agencia gubernamental hasta que ésta emita un dictamen final. Por esa razón, el Tribunal

Supremo reconoció varios factores a considerar al momento de preterir la doctrina de agotamiento de remedios administrativos o la doctrina de finalidad de las determinaciones administrativas. Estos son:

> (1) cuando el dar curso a la acción administrativa haya de causar un daño inminente, material, sustancial y no teórico o especulativo;
> (2) cuando el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrece un remedio adecuado;
> (3) cuando la agencia claramente no tiene jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o
> (4) cuando el asunto es estrictamente de derecho. Íd., pág. 240.

Así, de estar presente alguno de estos factores, el foro revisor podrá preterir el trámite administrativo y atender el caso. Íd.

**B.**

El Reglamento Núm. 9321, *supra*, fue promulgado por el Departamento de Salud al amparo de la LPAU, *supra*, y la *Ley orgánica del Departamento de Salud*, Ley Núm. 81 de 1912, según enmendada, 3 LPRA secs. 171 et seq., en aras de uniformar los procedimientos adjudicativos y reglamentarios bajo la jurisdicción de esa agencia.

Respecto al contenido de las querellas, el inciso (3)(a) de la Regla 2 del Reglamento Núm. 9321, *supra*, dispone que aquel querellante que sea una corporación "deberá acompañar una Resolución Corporativa designando al representante autorizado". Entretanto, en el inciso (5) de dicha Regla, se prescribe que "[t]oda querella que no cumpla con lo dispuesto en los incisos 1, 2 y 3 de esta Regla no quedará radicada".

**IV.**

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso y los planteamientos aducidos por Multy Medical, en correcta práctica adjudicativa apelativa, resulta imperativo

desestimar el recurso de epígrafe por falta de jurisdicción. La *Orden* recurrida cuya revisión se solicita no es una determinación administrativa final de la SARSP, sino un dictamen interlocutorio. En la determinación, el foro recurrido interpretó el Reglamento Núm. 9321, *supra*, y estimó que la falta de inclusión de una resolución corporativa designando un representante autorizado junto a la *Querella* era un asunto subsanable. De un examen sosegado del expediente y los argumentos levantados por la parte recurrida surge palmariamente que no estamos ante ninguna de las excepciones que nos permiten preterir la doctrina de finalidad de las determinaciones administrativas. No toda alegación de falta de jurisdicción del foro recurrido va a tener el efecto de liberar a la parte recurrente de culminar las gestiones que tiene disponibles ante la agencia o de obtener una resolución u orden final. Para que eso ocurra, es necesario un agravio de patente intensidad que justifique desviarse del cauce administrativo, <u>lo cual no está presente en este caso</u>.

### V.

Por los fundamentos pormenorizados, se *desestima* el recurso de *Revisión Judicial* de epígrafe. Así resuelto, la solicitud de orden en auxilio de jurisdicción promovida por Multy Medical se torna académica.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones